IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE MARIE ECKE,	)
	)
        Plaintiff,	)
	)
vs.	)	Civil Action No. 10-63-E
	)
MICHAEL J. ASTRUE,	)
COMMISSIONER OF SOCIAL SECURITY,	)
	)
        Defendant.	)

ORDER

AND NOW, this 1st day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] Plaintiff challenges the conclusion of the Administrative Law Judge ("ALJ") that she was not entitled to Disability Insurance Benefits due to her Multiple Sclerosis prior to September 24, 2004, the date she was last insured. In addition, Plaintiff argues that new and material evidence that she presented requires a remand. Specifically, Plaintiff argues that her severe impairments met a number of listings, though she cites no record evidence, and that the ALJ erred in finding that she had the residual functional capacity to perform her past work as a cashier.

The Court disagrees. The ALJ properly assessed the objective medical evidence, which established that Plaintiff's impairments did not meet Listings 11.09A, 11.09B or 11.09C as of Plaintiff's last insured date. R. 29. In addition, in the absence of any medical evidence of work limitations, the ALJ properly concluded that Plaintiff was capable of performing her past work. R. 29. This conclusion is also consistent with Plaintiff's testimony about her condition and limitations as they existed on her last insured date. R. 33; 555-569.

Finally, a sentence six remand is not appropriate. See 42 U.S.C. § 405(g); Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Plaintiff relies on a letter, dated November 19, 2007, from her treating neurologist, who had begun treating her in May 2004. R. 546. The ALJ had already considered the opinions of Dr. DeMatteis as these related to the relevant time frame. R. 31; 142-156. Plaintiff cannot establish that this November 2007 evidence was "material" or that there was "good cause" as to why it was not submitted during the administrative process. Szubak v. Sec'y of Health & Human Serv., 745 F.2d 831, 833 (3d Cir. 1984).

Substantial evidence supports the ALJ's conclusions, and the decision of the Commissioner is affirmed.